**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| ALLEN WOLFSON,  Plaintiff,  v.  CHRISTOPHER BRUNO,  Defendants. | Case No. 2:05-CV-796 TC  **MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT** |

Plaintiff, Allen Wolfson, a citizen of Utah, presently incarcerated in Brooklyn, New York, filed this pro se civil rights suit under 42 U.S.C. § 1985. *See* 42 U.S.C.S. § 1983 (West 2006). Plaintiff's motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 was granted. *See* 28 *id.* § 1915. This case is now before the Court for screening under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Screening Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would

be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Sufficiency of Plaintiff's Complaint

Plaintiff's Complaint asserts that Defendant, a licensed attorney in the State of New York, conspired to deprive Plaintiff of equal protection of the laws in violation 42 U.S.C. § 1985(3).[1] Specifically, Plaintiff alleges that Defendant, who

---

[1] 42 U.S.C. § 1985(3) states:
(3) Depriving persons of rights or privileges
If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of

represented Plaintiff on criminal bribery charges, conspired with the prosecuting attorney to convince Plaintiff to plead guilty. Plaintiff asserts that "Defendant's performance fell below an objective standard of reasonableness and . . . prejudiced the outcome of [Plaintiff's] trial . . . caus[ing] plaintiff to be subject to a violation of his constitutional rights to due process and equal protection of the laws or equal privilege under the laws of the United States." (Compl. at 4.)  Plaintiff seeks compensatory and punitive damages and costs.

   The Supreme Court has held that "in order to prove a claim under § 1985(3), a plaintiff must show (1) a conspiracy; (2) to deprive [the Plaintiff] of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and

---

equal privileges and immunities under the laws;  or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy;  in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

(4) an injury or deprivation resulting therefrom." *Griffin v. Breckenridge*, 403 U.S. 88, 102 91 S. Ct. 1790, 1798 (1971). Moreover, "the conspiracy not only must have as its purpose the deprivation of 'equal protection of the laws,' but also must be motivated by 'some racial, or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *United Brother hood of Carpenters & Joiners of America v. Scott*, 463 U.S. 825, 839-30, 103 S. Ct. 3352, 3356-57 (1983) (quoting *Griffin*, 403 U.S. at 102.)  The Tenth Circuit has noted that the "class-based animus" requirement has been narrowly construed.  *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993), *cert. denied*, 510 U.S. 1093, 114 S. Ct. 925 (1994).

Plaintiff's complaint does not satisfy the requirements of a § 1985(3) conspiracy claim.  First, even accepting Plaintiff's assertion that Defendant conspired with the prosecutor to persuade Plaintiff to plead guilty, it is unclear how this amounts to an equal protection violation.  The only named defendant in this case, Bruno, is a private individual, however, Plaintiff has not shown that Bruno's actions deprived Plaintiff of any right guaranteed against private impairment.  *See Bray v. Alexandria Women's Health Clinic 506 U.S. 263*, 274, 113 S. Ct. 753, 762 (1993)("A § 1985(3) private conspiracy 'for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities

under the laws,' requires an intent to deprive persons of a right guaranteed against private impairment."). In essence, Plaintiff's allegations support only a claim of legal malpractice against Defendant, however, neither the United States Constitution, nor § 1985(3), create a cause of action for such a private tort.

Second, and more importantly, Plaintiff does not adduce any facts to support the conclusion that the vaguely described conspiracy he alleges was motivated by a racial or otherwise invidious animus. The Supreme Court has explained that "[t]he language [of § 1985(3)] requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102. Plaintiff does not allege any facts showing that Defendant's allegedly conspiratorial acts were intended to deprive Plaintiff of equal protection based on his race, or some other class-based, invidiously discriminatory animus.

Because Plaintiff fails to allege any facts showing that Defendant conspired to deprive Plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws, the Court concludes that Plaintiff's Complaint fails to state a viable claim for relief under 42 U.S.C. § 1985(3).

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a claim on which relief can be granted. *See* 28 U.S.C.A. § 1915 (West 2007).

DATED this 13th day of September, 2007.

BY THE COURT:

*Tena Campbell*

Tena Campbell, Chief Judge
United States District Court